**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT JOHN WAITE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 06-395 |
| | ) | |
| v. | ) | Judge Flowers Conti |
| | ) | Magistrate Judge Caiazza |
| ROBERT SHANNON, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Robert John Waite be denied and that a certificate of appealability likewise be denied.

### II. REPORT

#### BACKGROUND

Robert John Waite ("Waite" or "the Petitioner") has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. He challenges his life sentence for second degree murder and related robbery and criminal conspiracy convictions, arguing:

A.    Trial counsel was ineffective for failing to secure a forensic expert to test hair, fingernail scrapings and blood samples; he also claims that counsel failed to object to faulty jury instructions.

B.    Direct appeal counsel was ineffective for failing to properly file and brief all issues on appeal.

C. The trial court violated the Petitioner's due process rights by failing to properly instruct the jury on the elements of first, second and third degree murder.

D. The District Attorney may have withheld DNA test results and results pursuant to a search warrant.

E. The evidence was insufficient to support a second degree murder conviction.

Each of these arguments will be address below, *in seriatim*.

## ANALYSIS

### A.   Ineffective Assistance of Counsel

To prove ineffective assistance, the Petitioner must show (1) counsel's performance was unreasonable, and 2) counsel's unreasonable performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

#### 1.   Counsel's Failure to Retain a Forensic Expert

Waite first claims that trial counsel rendered ineffective assistance because he failed to timely retain a forensic expert to analyze hair, fingernail scrapings and blood samples. Forensic testimony, he asserts, would have shown he was not in the room where the homicide was committed.

The Petitioner, however, was convicted of second degree murder. Under Pennsylvania law, "homicide constitutes murder of the second degree when it is committed while [a] defendant was engaged as a principal or an accomplice in the perpetration of a

-2-

felony." 18 Pa. Cons. Stat. § 2502(b). "[P]erpetration of a

felony" includes "engaging in or being an accomplice in the

commission of" robbery and/or burglary. *See id.* at § 2502(d).

Under the felony-murder statute, the intent to commit a

felony is imputed to the defendant's incidental homicide.

As explained by the Supreme Court of Pennsylvania:

> When an actor engages in one of the
> statutorily numerated felonies and a killing
> occurs, the law, via the felony-murder rule,
> allows the finder of fact to infer the
> killing was malicious from the fact that the
> actor engaged in a felony of such a dangerous
> nature to human life because the actor, as
> held to a standard of a reasonable man, knew
> or should have known that death might result
> from the felony.

Commonwealth v. Legg, 491 Pa. 78, 82 (1980) (internal citations

and footnotes omitted).

On direct review, the Pennsylvania Superior Court

specifically held that Waite's convictions for burglary and

robbery were supported by sufficient evidence. Thus, Waite has

failed to show he suffered any prejudice resulting from his

attorney's failure to secure a forensic expert. Whether he was

in the room where the homicide was committed is inconsequential.

On this issue, his ineffective assistance of counsel claim fails.

### 2. Failure to Object to Jury Instructions

Jury instructions typically are a matter of state law.

Before a federal court may grant federal habeas corpus relief,

"it must be established not merely that the instruction [wa]s undesirable, erroneous, or even universally condemned, but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." Estelle v. McGuire, 502 U.S. 62, 72 (1991).

The Petitioner fails to identify the jury instruction(s) to which counsel should have objected. With respect to the homicide charge, the jury was instructed on the elements of first, second and third degree murder. Waite was convicted of second degree murder under the felony-murder rule, as well as robbery. Under Pennsylvania law, second degree murder is defined as a criminal homicide committed while the defendant was engaged in the "perpetration of a felony," which includes "being an accomplice in the commission of, or an attempt to commit" robbery. See 18 Pa. Cons. Stat. § 2502(b)&(d).

Waite has failed to support his ineffective assistance claim based on the jury instructions.[1]

### 3.     Failure to Preserve Issues For Appeal

Because Waite's ineffective assistance claims lack merit, counsel was not ineffective for failing to preserve them on appeal. Strickland, 644 U.S. at 691 (counsel is not ineffective

---

[1]  Waite's citation to Baker v. Horn, 383 F. Supp.2d 720 (E.D. Pa. 2005) is unavailing. In Baker, the defendant was convicted of first degree murder. Here, Waite's specific intent to commit murder was not an issue because he was convicted of second degree murder under the felony-murder rule.

for failing to raise meritless claims).[2]

## B.   Jury Instructions

Waite's third and fifth claims raise the same issue:
whether the trial court's instructions were improper because they
failed to include the penalty associated with a second degree
murder conviction -- a mandatory life sentence.  Again, this
claim lacks merit.  The state court's decision was not contrary
to, or an unreasonable application of, clearly established
federal law.  Bell v. Cone, 535 U.S. at 698-699 (2002).  Waite
has not cited, nor has the court's independent research
identified, precedent requiring jury instructions to include the
penalties associated with a crime.[3]

## C.   DNA Evidence

In his fourth claim, Waite complains that the Commonwealth
withheld DNA test results.  To the extent he is making a claim
pursuant to Brady v. Maryland,[4] he has failed to meet his burden.

---

[2] Moreover, Waite cannot show prejudice because he was able to bring
his appellate counsel ineffectiveness claims in his PCRA proceeding.

[3] To the extent the Petitioner is raising an insufficiency claim
regarding his second degree murder conviction, the Superior Court
denied this claim on direct appeal.  See Commw. Ex. 18, pp. 1-5.
That decision is not contrary to, or an unreasonable application of,
clearly established federal law.

[4] In Brady v. Maryland, 373 U.S. 83, 87 (1963), the Supreme Court held
that the prosecution's suppression of evidence favorable to an accused
violates due process where the evidence is material either to guilt or
punishment, irrespective of the good faith or bad faith of the
prosecution.  Under Brady, the Petitioner must show that,

He has not shown that any test results were withheld, let alone that any suppressed evidence was material.

Finally, Rule 2(c) of the Rules Governing Habeas Corpus Cases, 28 U.S.C. § 2254, requires a petitioner to "set forth in summary form the facts supporting each of the grounds" specified in the petition. Bald assertions and conclusory allegations do not suffice. Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir.), *cert. denied*, 484 U.S. 946 (1987). Waite has failed to identify sufficient facts to support a due process claim, and this precludes habeas relief. Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 & n. 12 (3d Cir.), *cert. denied*, 502 U.S. 902 (1991).

## D. **Certificate of Appealability**

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c) (as amended). The Petitioner has not shown he was denied any constitutional rights. Accordingly, a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are

---

1) favorable evidence was suppressed by the government, either intentionally or inadvertently, and 2) the suppressed evidence was material. *See, e.g.*, Slutzker v. Johnson, 393 F.3d 373, 386 (3d Cir. 2004).

-6-

due by December 29, 2006.  Responses to objections are due by

January 8, 2006.

December 13, 2006                    Francis X. Caiazza
                                     U.S. Magistrate Judge

cc (via email):

ROBERT JOHN WAITE, CQ-4237
S.C.I. at Frackville
1111 Altamont Blvd
Frackville, PA  17931

Ronald M. Wabby, Jr., Esq. (via email)