IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT JOHN WAITE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 06-395 |
| | ) | |
| v. | ) | Judge Flowers Conti |
| | ) | Magistrate Judge Caiazza |
| ROBERT SHANNON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### **I.   RECOMMENDATION**

For the reasons stated below, it is respectfully recommended that the Petitioner's Objections (Doc. 20) to the Report and Recommendation dated December 14, 2006 (Doc. 17, hereinafter "the December 14th R&R") be overruled.

### **II.   REPORT**

In the December 14th R&R, the undersigned recommended that the Petitioner Robert John Waite's ("the Petitioner's" or "Waite's") Writ of Habeas Corpus under 28 U.S.C. § 2254 be denied. *See id.* at 1. In his Objections, Waite complains that the R&R did not "address the issues relating to Respondents' time-bar[] and exhaustion arguments or [P]etitioner's assertion that the trial court erred in including an accomplice liability [jury] instruction." *See generally* Dist. Ct.'s Mem. Order (Doc. 21) at 1-2 (internal quotations omitted). The District Court has remanded the case to the undersigned to "make

recommendations concerning whether the court should consider [these] issues."  *Id.* at 2.

The Petitioner's objections regarding exhaustion and the statute of limitations are both illogical and inconsistent with the law.

They are illogical because the court's decision to bypass these procedural matters inured to the benefit of Waite, not to his detriment.  For if the court adjudicated the exhaustion and/or statue of limitations issues and ruled against the Petitioner, the merits of his claims would not have been reached. *See, e.g.*, Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001) (where Section 2254 petitioner fails to exhaust state remedies, court does not reach merits of claim).  Waite enjoyed the consideration of his case on the merits, and he has no reason to complain.

The Petitioner's objections also are inconsistent with the law.  Section 2254 expressly provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust [state] remedies."  *Id.* at § 2254(b)(2).  The same rule applies regarding the statute of limitations.  *See, e.g.*, Warren v. Schriro, 2006 WL 44451, *1 (9th Cir. Jan. 10, 2006) ("[b]ecause AEDPA's statute of limitations is not jurisdictional, . . . we [may] deny [a 2254] petition on the merits rather than reach[ing the

time-bar issue]") (citing published opinion); Hunt v. Quarterman, 2006 WL 3791328, *1 n.1 (N.D. Tex. Dec. 26, 2006) (holding same) (citations omitted).

In sum, the District Court will not err by addressing Waite's Petition on the merits. To the contrary, the interests of justice and judicial economy thereby will be served. *Cf., e.g.,* Osumi v. Giurbino, 445 F. Supp.2d 1152, 1157 (C.D. Cal. 2006) ("the interests of justice [are] better served in addressing the merits of [the] petitioner's claims," "rather than reaching the complex questions lurking in the time bar of . . . AEDPA") (citations and internal quotations omitted, emphasis added).[1]

The Objections also claim that trial counsel was ineffective for failing to oppose purported improper jury instructions regarding accomplice liability. Waite claims the trial court erred by instructing the jury it could "find the defendant guilty of a crime . . . without finding he personally engaged in the conduct required for the commission of the crime." *See* Pet.'s

---

[1] Waite's attempt to compel resolution of the procedural issues appears motivated by his concern that they later may be raised by the Third Circuit Court *sua sponte*. *See* Pet.'s Objections at 8. Just as the Petitioner could not compel a resolution of the merits upon a finding of procedural bar, however, he cannot force the District Court's hand in this converse situation. His concerns regarding a later *sua sponte* ruling are unfounded, moreover, given his well-established rights of notice and the opportunity to respond. *See* U.S. v. Bendolph, 409 F.3d 155, 158 (3d Cir. 2005) ("courts may . . . raise the AEDPA statute of limitations issue *sua sponte*, but only after providing . . . notice[ and] an opportunity to respond") (citations omitted), *cert. denied*, -- U.S. --, 126 S. Ct. 1908 (2006).

Objections at 4 (quoting record evidence). This, Waite argues, was inconsistent with Pennsylvania law because First Degree Murder requires that the actor possess specific intent to kill. Waite's claim, however, was not presented in his federal habeas petition; it was raised for the first time in his Objections to the Report and Recommendation. Consequently, this claim is not properly before the court.

Even had the Petitioner properly raised the claim, it provides him no basis for relief. Waite was convicted of second degree murder -- which does not require a finding of specific intent -- and he therefore cannot demonstrate prejudice based on the accomplice instruction. As explained in the December 14th R&R,

> Waite was convicted of second degree murder under the felony-murder rule, as well as robbery. Under Pennsylvania law, second degree murder is defined as a criminal homicide committed while the defendant was engaged in the 'perpetration of a felony,' which includes 'being an accomplice in the commission of, or an attempt to commit' robbery. *See* 18 Pa. Cons. Stat. § 2502(b)&(d).

*Id.* at 4. Based on this and other reasoning, the undersigned concluded that the Petitioner had "failed to support his ineffective assistance claim based on the jury instructions," and this recommendation is reaffirmed here.

For the foregoing reasons, as well as those stated in the December 14th R&R, the Petitioner's Objections should be overruled.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by February 12, 2007.  Responses to objections are due by February 22, 2007.


January 26, 2007                         *Francis X. Caiazza*
                                         Francis X. Caiazza
                                         U.S. Magistrate Judge

cc:

ROBERT JOHN WAITE, CQ-4237
S.C.I. at Frackville
1111 Altamont Blvd
Frackville, PA  17931

Ronald M. Wabby, Jr., Esq. (via email)